IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA JACKSON, | ) | CASE NO. 5:09 CV 872 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Victoria Jackson, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Jackson had severe impairments consisting of fibromyalgia, cervical and lumbar degenerative disc and joint disease, obesity, and major depressive disorder.[1] He determined that Jackson did not have an impairment or combination of impairments that met or equaled a listing in Appendix 1 of the regulations.[2] The ALJ decided that Jackson had the residual functional capacity for sedentary work, with certain

---

[1] Transcript ("Tr.") at 17.

[2] Id. at 18.

additional postural and environmental limitations; and with mental limitations of restriction to simple unskilled three or four step procedures, low stress work without high or rapid production quotas, and work with only brief interactions with members of the general public.[3] Given that residual functional capacity, the ALJ found Jackson not capable of her past relevant work.[4]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Jackson could perform.[5] The ALJ, therefore, found Jackson not under a disability.[6]

Jackson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Jackson argues that the ALJ committed reversible error by failing to properly weigh and articulate with respect to the opinions of her treating psychiatrist.

I conclude that the ALJ's finding of no disability is not supported by substantial evidence because he failed to properly weigh and articulate with respect to the opinion of treating psychiatrist Ronald Immerman, M.D. The Commissioner's decision, therefore, must be reversed and remanded.

---

[3] *Id.* at 19.

[4] *Id.* at 21.

[5] *Id.* at 22-23.

[6] *Id.* at 23.

**Analysis**

This case presents the narrow issue of whether or not the ALJ sufficiently articulated reasons for giving no weight to the opinions of Jackson's treating psychiatrists.

Jackson suffers from multiple severe impairments, including fibromyalgia, cervical and lumbar degenerative disc and joint disease, obesity, and major depressive disorder.[7] Although she claims serious limitations as a result of her physical impairments, the focus of this case is her mental impairments.[8]

Jackson has a substantial treating history for her major depressive disorder at Portage Path Behavioral Health Center. At this facility, she has had two treating psychiatrists, Heather Queen-Williams, M.D. and Ronald Immerman, M.D. Both psychiatrists offered opinions in this case. Although Dr. Queen-Williams's opinions are conclusory and probably do not qualify for controlling weight,[9] Dr. Immerman's opinion addresses specific work-related limitations caused by Jackson's depression.[10]

The record contains an evaluation by a state agency psychologist.[11] The ALJ does not refer to it or assign it any weight. Nevertheless, as pointed out by counsel for the

---

[7] Tr. at 17.

[8] ECF # 21 at 1.

[9] Tr. at 220, 221. *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003).

[10] *Id.* at 310-11.

[11] *Id.* at 172-89.

Commissioner, the ALJ's decision tracks the state agency psychologist's opinion both in terms of the listing issue and the residual functional capacity finding. By implication, the ALJ gave this opinion great weight. This is problematic because the state agency psychologist rendered this opinion before and without the benefit of Dr. Immerman's opinion.[12] Nevertheless, because the ALJ expressly makes no reference to the state agency psychologist's opinion and does not purport any reliance on it, it is not a factor in this decision.

Most troubling is the treatment by the ALJ of Dr. Immerman's opinion. In a cursory, single paragraph, the ALJ gives that opinion no weight and does so because it is not supported by "the other evidence in the record, including the claimant's patient notes at Portage Path Behavioral Health."[13] The Sixth Circuit has clearly stated that a rebuttable presumption exists that a treating physician's opinion should receive controlling weight that can only be overcome by the ALJ's statement of good reasons for not doing so.[14]

The ALJ's blanket statement here that the treating psychiatrist's assessment is not supported by other evidence in the record is not enough to satisfy the articulation of good reasons requirement adopted by the Sixth Circuit. The ALJ gives record citations to the Portage Path records generally[15] but makes no effort to discuss what within those records he

---

[12] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

[13] Tr. at 19.

[14] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[15] Tr. at 19.

found inconsistent with Dr. Immerman's opinion.  This approach gives the Court no basis for meaningful review of the ALJ's decision.[16]  I cannot, therefore, excuse this deficiency as harmless error.

In the language of elementary math education, the ALJ has "failed to show his work." The Commissioner argues vigorously that if I do the work for the ALJ, or I review the work Commissioner's counsel provides in the brief, I will conclude that substantial evidence supports the ALJ's finding as to Dr. Immerman.  I will not, however, undertake *de novo* review, and the "Commissioner's *post hoc* arguments in support of the ALJ's decision are immaterial"[17] under the Sixth Circuit's articulation of good reasons jurisprudence.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Jackson had no disability.  Accordingly, the decision of the Commissioner denying Jackson disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the weight to be assigned Dr. Immerman's opinion and a statement of good reasons for the weight so assigned.

IT IS SO ORDERED.

Dated:  March 31, 2011                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[16] *Blakely*, 581 F.3d at 410; *Rogers*, 486 F.3d at 246.

[17] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).